# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA CALIXTRO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:13-cv-01880-GSA<br><br>**ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(Doc. 12) |

## INTRODUCTION

Plaintiff's counsel, Denise B. Haley, filed the instant motion to withdraw as attorney of record on July 14, 2014. (Doc. 12). Plaintiff Margarita Calixtro ("Plaintiff") did not file an opposition to the motion. The matter was heard on August 22, 2014 before Magistrate Judge Gary S. Austin. Ms. Haley appeared telephonically; Plaintiff did not appear.[1] For the reasons discussed below, the Court granted Ms. Haley's motion to withdraw as attorney of record for Plaintiff.

///

---

[1] Plaintiff did not appear at the hearing on the motion to withdraw, which took place at 9:30 a.m. on August 22, 2014. However, Plaintiff belatedly made an appearance in Court at 10:30 a.m. The Court went back on the record at that time and recalled the matter. Plaintiff acknowledged that she did not oppose counsel's motion to withdraw. (Doc. 17).

1

**RELEVANT BACKGROUND**

Plaintiff filed this action on November 20, 2013, challenging the denial of Social Security benefits by the Commissioner of Social Security ("Commissioner"). (Doc. 1). The Commissioner lodged the Administrative Record on April 25, 2014. (Doc. 9). Plaintiff's opening brief was due on August 25, 2014.

On July 14, 2014, Plaintiff's counsel, Denise Bourgeois Haley, filed a Motion to Withdraw as Attorney of Record in this matter. (Doc. 12). The motion was served on Plaintiff via United States Mail at 2754 Mill Street, Selma, CA 93662. Doc. 12 at 6, 7. Plaintiff did not file an opposition to the motion and acknowledged in Court, shortly after the hearing on the motion, that she did not oppose it. The Commissioner filed a notice of non-opposition to counsel's motion. (Doc. 15).

At the hearing on the motion to withdraw Ms. Haley stated that she last spoke with Plaintiff on May 29, 2014.

**DISCUSSION**

In her moving papers, Ms. Haley contends that she attempted to contact Plaintiff numerous times after receipt of the administrative record from the Commissioner. In her papers, and at the hearing on the motion, Ms. Haley clarified that she is seeking to withdraw because her review of the administrative record led her to conclude that it presents no meritorious, appealable issues, and she therefore felt compelled to recommend the dismissal of this action to her client.

Specifically, Ms. Haley states that she sent a letter to Plaintiff on June 11, 2014 informing here that upon review of the administrative record, she "could not pursue this matter on [Plaintiff's] behalf." (Doc. 12 at 5). Ms. Haley further states as follows: "At that time, I instructed [Plaintiff] to give me authority to dismiss. I sent the letter to 2754 Mill St., Selma, CA 93662, Margarita Calixtro's last known address." (Doc. 12 at 5). Ms. Haley adds that on the same date, June 11, 2014, she also left a phone message for Plaintiff and sent her an email repeating the information that was in the letter. (Doc. 12 at 5). Ms. Haley re-sent the letter to Plaintiff on June 25, 2011 and left an additional phone message on that date as well. (Doc. 12 at 5). Ms. Haley clarifies that none of her letters were returned to her as undeliverable mail. Ms.

Haley states that Plaintiff did not respond to any of her communications, signifying a breakdown in the attorney-client relationship.  (Doc. 12 at 3).  At the hearing on the motion to withdraw, Ms. Haley again explained that she sought withdrawal and recommended that Plaintiff dismiss the action because she could not identify any appealable issues in the administrative record.

Shortly after the hearing on counsel's motion to withdraw, Plaintiff appeared in Court and stated that she intended to proceed with her case.  Plaintiff requested a period of time so as to obtain new counsel to represent her.  The Court granted Plaintiff's request and set a status conference forty-five days later, on October 3, 2014.  At the status conference, Plaintiff shall advise the Court as to whether she has obtained new counsel to represent her or whether she plans to proceed pro se.  (Doc. 17).

**ORDER**

The Court finds that Plaintiff's counsel has demonstrated good cause to withdraw as counsel of record for Plaintiff in this matter.  Accordingly, the motion is GRANTED and Ms. Haley is relieved from her representation of Plaintiff.  Ms. Haley is DIRECTED to provide to Plaintiff, no later than **September 26, 2014,** her entire case file for this matter, including the complete administrative record, copies of all pleadings, and the parties' confidential letter briefs.

The existing filing deadline for Plaintiff's opening brief, August 25, 2014, is hereby VACATED *nunc pro tunc*.  Plaintiff is ordered to appear at a status conference set for 9:30 a.m. on October 3, 2014 in Courtroom 10 (GSA) before the undersigned.  At the October 3, 2014 status conference, the Court will set a new deadline for Plaintiff to file her opening brief.

Since Plaintiff is not represented by an attorney at this time, she is advised that she must comply with all court orders and that failure to do so will result in the dismissal of this action. Plaintiff is also responsible for complying with all Court rules and applicable laws.  Finally, Plaintiff is ordered to keep the Court informed as to her current address and phone number.

///

///

///

///

1    On August 22, 2014 Plaintiff confirmed that 2754 Mill Street, Selma, CA 93662 is her
2  correct address.  The Clerk of the Court is directed to update the docket with Plaintiff's address
3  and to serve a copy of this order on Plaintiff via United States Mail.

IT IS SO ORDERED.

Dated:  **September 8, 2014**                                **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE