**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITA CALIXTRO, | Case No.: 1:13-cv-01880-GSA |
| Plaintiff, | |
| v. | **INFORMATIONAL ORDER** |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | **FOR PRO SE LITIGANTS** |
| Defendant. | |

Plaintiff Margarita Calixtro ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security which denied, in whole or in part, her claim for benefits under the Social Security Act. At a status conference held on October 17, 2014, Plaintiff informed the Court that she has elected to proceed pro se, upon the withdrawal of her attorney on September 10, 2014. Accordingly, the Court advised Plaintiff of her responsibility to timely file her opening brief. The Court set a deadline of December 19, 2014 to file her opening brief.

This order contains important information regarding the briefing of this appeal to the Court. The Court strongly suggests that Plaintiff read and re-read this order and keep it readily available for future reference.

///

# I. THE PARTIES' BRIEFS TO THIS COURT

## A. Plaintiff's Opening Brief

Plaintiff's opening brief must be filed and served no later than December 19, 2014. Plaintiff must serve a copy of the opening brief on all the attorneys listed for defendant on the court docket of the case as follows:

> Michael K. Marriott,
> Social Security Adminsitration
> Office of the General Counsel 160 Spear Street, Ste. 800
> San Francisco, CA 94105

AND

> Benjamin E. Hall
> United States Attorney's Office
> 2500 Tulare Street, Ste. 4401
> Fresno, CA 93721

Plaintiff must also file the original opening brief, together with a copy, with the Court, either by personal delivery at, or via U.S. mail to, the following address:

> Office of the Clerk
> United States District Court, E.D. Cal.
> 2500 Tulare Street, Suite 1501
> Fresno, CA 93721

Plaintiff's opening brief <u>must</u> contain the following:

(1) A plain description of Plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled Plaintiff and prevented her from working;

(2) A summary of the administrative proceedings that took place before the Social Security Administration;

(3) A summary of the relevant testimony at the administrative hearing;

(4) A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

(5) A recitation of the Administrative Law Judge's findings and conclusions relevant to Plaintiff's claims;

(6) A short, separate factual statement regarding each of Plaintiff's legal claims with reference to either the evidence (or lack thereof) regarding the administrative finding pertinent to that claim or to the deficient legal standards applied by the administrative law judge in reaching the relevant conclusions regarding each claim; and

(7) Distinct legal arguments addressing each claimed error in the administrative law judge's decision.

All references to the administrative record and all assertions of fact must be accompanied by citations to the appropriate page(s) in the administrative record.  The arguments regarding each claim of error must be supported by citations to proper legal authorities and an explanation of how the legal authorities cited apply to the facts of the claim at issue.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes null and void and is not considered by the Court for any purpose.

<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>.

B.      <u>Defendant's Brief</u>

Pursuant to the Scheduling Order, defendant's responsive brief shall be filed and served on Plaintiff within **thirty (30)** days from the date of service of Plaintiff's opening brief on defendant.

///

C. <u>Plaintiff's Reply Brief</u>

Plaintiff may file a reply brief, but is not required to do so, within **fifteen (15) days** from the date defendant serves her responsive brief on Plaintiff. Plaintiff must serve a copy of the reply brief on defendant by serving Benjamin E. Hall, United States Attorney's Office, 2500 Tulare Street, Suite 4401, Fresno, CA 93721. Plaintiff must also file the original reply brief, together with a copy, with the Court at the address in Fresno, CA, noted above.

Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

## II. THE COURT'S DECISION ON THE MERITS

The Court will consider the merits of the case only after all briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for further proceedings.

## III. RULES FOR LITIGATING THE ACTION

Plaintiff is informed of the following:

A. In litigating this action, the parties <u>must</u> comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

Local Rule 206 is a special rule for social security actions. Specifically (a)(2) and (3) generally states that complaints shall contain the last four digits of plaintiff's social security number only, i.e., XXX-XX-1234, and that plaintiff shall privately disclose to defendant, within five (5) days after a request is made to plaintiff, the full social security number of plaintiff.

Therefore, plaintiff shall refrain from disclosing the entire social security number on any

filings.

<u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule 110; Fed.R.Civ.P. 41(b).

B.  Documents intended to be filed with the Court must be mailed to the Clerk of the Court in Fresno, CA, at the address noted above.  See Local Rule 5-134(a).  <u>All documents inappropriately mailed directly to a judge's chambers will be stricken from the record</u>.  A document requesting a court order must be styled as a motion, <u>not</u> a letter.  <u>See</u> Fed.R.Civ.P. 7.

C.  Each document submitted for filing <u>must</u> include the original signature of the filing party or parties.  Local Rule 131; Fed.R.Civ.P. 11(a).  <u>All documents submitted without the required signature(s) will be stricken.</u>  Each separate document <u>must</u> be separately stapled.  <u>See</u> Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not enter the court docket.

D.  All documents filed with the Court <u>must</u> be submitted with an additional legible copy to be conformed for the Court's use.  See Local Rule 133(d)(2).  <u>A document submitted without an extra copy for the Court's use will be stricken.</u>  If the filing party wishes the Court to return a file-stamped copy, an additional copy <u>must</u> be provided for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope.  <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis</u>.  Copies of documents from the Court's file may be obtained in the Clerk's Office at the cost of fifty ($.50) cents per page.

E.  After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court <u>must</u> include a proof of service stating that a copy of the document was served on the opposing party.

See 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

   F. A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

  Dated: **October 21, 2014**      **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE