1
2
3
4
5
6
7
8

9    **UNITED STATES DISTRICT COURT**

10    **EASTERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   MARGARITA CALIXTRO, | **Case No.: 1:13-cv-01880-GSA** |
| 13              Plaintiff, | |
| 14         v. | **ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH A COURT ORDER** |
| 15   CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| 16              Defendant. | (ECF No. 28) |
| 17 | |

18
19          Pro se plaintiff Margarita Calixtro ("Plaintiff") was previously directed to submit an

20    Opening Brief in this case no later than December 19, 2014. ECF No. 24. On December 19, 2014,

21    Plaintiff, through her husband, Alejo Calixtro, filed a short letter with the Court in which Mr.

22    Calixtro provided a summary of Plaintiff's medical condition. ECF No. 26. On January 9, 2015,

23    the Court notified Plaintiff that Mr. Calixtro's letter did not constitute an appropriate opening

24    brief and provided instructions on how to submit an opening brief. Plaintiff was directed to file an

25    appropriate opening brief by February 9, 2015 and was warned that a failure to do so could result

26    in the dismissal of her action. ECF No. 27. By February 24, 2015, no opening brief had been filed

27    and the Court issued an Order to Show Cause directing Plaintiff to submit an opening brief or file

28    a notice of voluntary dismissal if she was no longer interested in pursuing the case. ECF No. 28.

1   The Order to Show Cause warned that unless an appropriate response was filed by March 25,

2   2015, the action would be dismissed. *Id.* To date, no response has been filed.

3          Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

4   or with any order of the Court may be grounds for the imposition by the Court of any and all

5   sanctions . . . within the inherent power of the Court." District courts have the inherent power to

6   control their dockets and "in the exercise of that power, they may impose sanctions including,

7   where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).

8   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9   failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46

10  F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

11  963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

12  amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

13  for lack of prosecution and failure to comply with local rules).

14         To determine whether to dismiss an action for lack of prosecution, failure to obey a court

15  order, or failure to comply with local rules, the court must consider several factors: (1) the

16  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

17  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

18  their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*,

19  963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1423-24.

20         In the instant case, the Court finds that the public's interest in expeditiously resolving this

21  litigation and the Court's interest in managing the docket weigh in favor of dismissal because this

22  case has been pending in this Court since November 20, 2013, and it does not appear that Plaintiff

23  is going to file an opening brief. The third factor, risk of prejudice to defendants, also weighs in

24  favor of dismissal because a presumption of injury arises from any unreasonable delay in

25  prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor,

26  public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of

27  dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result

28  in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

*Henderson*, 779 F.2d at 1424. The Court's order to Show Cause clearly stated that the case would be dismissed if Plaintiff failed to respond to the Order to Show Cause. ECF No. 28 ("If Plaintiff fails to timely respond to this Order to Show Cause, the action will be dismissed in its entirety").

**ORDER**

Accordingly, this Court orders that this action be DISMISSED for Plaintiff's failure to comply with a court order. The Clerk of the Court is directed to close this action. This order terminates this case in its entirety.

IT IS SO ORDERED.

Dated:   **March 30, 2015**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE